JUDGMENT

PER CURIAM.
This appeal was considered on the record from the United States District Court for the District of Columbia and the briefs filed by the parties, and on appellant’s transcript of prepared supplemental points for oral argument contained in his motion for reconsideration filed January 21, 2010. See D.C.CiR. Rule 34(j). The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. See D.C.Cm. Rule 36(d). It is
ORDERED and ADJUDGED that the judgment of the district court be affirmed.
To satisfy “the irreducible constitutional minimum of standing,” a plaintiff must show an injury in fact that is fairly traceable to the challenged conduct of the defendant and that is likely to be redressed by a decision in the plaintiffs favor. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). The injury must be “(a) concrete and particularized, and (b) actual and imminent, not conjectural or hypothetical.” Id. (internal quotation marks and citations omitted). The plaintiff fails to meet that burden here. He challenges the winner-take-all systems by which Arkansas, Georgia, Louisiana, Tennessee, and Texas award Electoral College votes, arguing that those states have unconstitutionally disenfranchised voters who support the losing candidates. The plaintiff contends that the states should be penalized under Section 2 of the Fourteenth Amendment, which provides, in relevant part, that where “the right to vote at any election for the choice of electors for President and Vice President of the United States ... is denied” to any male citizen over the age of 21, or “in any way abridged, except for participation in rebellion, or other crime,” the basis of the offending state’s representation “shall be reduced in the proportion which the number of such male citizens shall bear to the whole number of male citizens twenty-one years of age in such state.” U.S. Const, amend. XIV, § 2. The plaintiff is not injured by the operation of the five states’ winner-take-all systems because he does not vote in those states. Nor has he alleged that the failure to redistribute electoral votes pursuant to Section 2 has caused him any “concrete and particularized” injury.
The plaintiffs complaint indicated that he was filing his lawsuit as a class action. The district court correctly held that he could not proceed as a representative of a class because he did not file a class certification motion within 90 days of filing his complaint, as required by Local Civil Rule 23.1(b). D.D.C. Local Rule 23.1(b). The plaintiff has not appealed this aspect of the court’s judgment.
Accordingly, we affirm the decision of the district court dismissing the plaintiffs complaint for lack of standing.
The Clerk is directed to withhold the issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. See Fed. R.App. P. 41(b); D.C.CiR. Rule 41(a)(1).